## Case No. 3,853.

DE WOLF v. TWO HUNDRED AND SIX-TY-SIX HOGSHEADS AND THIR-TY-ONE TIERCES MOLASSES.

[N. Y. Times, July 20, 1858.]

District Court, S. D. New York.  July 19, 1858.

CHARTER PARTY—LIEN—FREIGHT.

[This was a libel by Benjamin De Wolf and others, owners of the brig Europa, against two hundred and sixty-six hogsheads and thirty-one tierces of molasses (Thomas R. Gordon and others, claimants), to enforce a lien for money due under a charter party.]

HALL, District Judge.  As against Herrira, Meyer & Co. the libelants in this case had no lien upon the cargo of the Europa beyond the amount of the freight mentioned in the bill of lading; but as against Gordon & Co., the charterers, they had a lien for the amount due under the charter party.  If the draft of Herrira, Meyer & Co. had not been paid, they would have had a right (as against the libelants) to the possession of the molasses shipped, on paying the stipulated freight only: and the question in this case is therefore whether the claimants have succeeded to the rights of Herrira, Meyer & Co., or those of Gordon & Co., in the payment by the latter of the draft of Herrira, Meyer & Co.

It is insisted by the claimants that Gordon & Co. acted as their agents in paying the draft of Herrira, Meyer & Co.; that they in fact paid the amount paid through their agents; and that they have the same rights which Herrira, Meyer & Co. had, prior to such payment, or rather on Gordon & Co. failing to make payment of their draft.  On the other hand, it is insisted that Gordon & Co. are still the sole parties interested in defeating the libelant's claim, and that the claimants had no interest in the cargo libeled.

It is clear from the evidence that the draft of Herrira, Meyer & Co. (deducting the discount allowed) was paid by Gordon & Co., by the check of the claimants, for an amount greater than the sum paid, without expressly declaring that such payment was paid by the claimants in order to make themselves purchasers for Herrira, Meyer & Co.; that the claimants paid Gordon & Co. more than was paid the agent of Herrira, Meyer & Co.; that there was no express or specific arrangement between the agent of Herrira, Meyer & Co. and any agent of the claimants; that the latter aim to succeed to the rights of Herrira, Meyer & Co.; and upon the whole evidence I am of the opinion that the claimants must stand in the place of Gordon & Co., and not stand as purchasers for Herrira, Meyer & Co.  The libelants must, therefore, have a decree declaring that they had a lien on the property libeled for the amount due under the charter party, and it must be referred to a commissioner to ascertain and report the amount.